UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CHARLES C. HELMLINGER,              :
                                    :   Civil Action No. 07-3187(JAP)
           Petitioner,              :
                                    :
      v.                            :   **OPINION**
                                    :
ADULT DIAGNOSTIC &                  :
TREATMENT CENTER, et. al.,          :
                                    :
           Respondents.             :
_____:

**APPEARANCES:**

    CHARLES C. HELMLINGER, Petitioner Pro Se
    SBI# 803830B DN# 2781
    Adult Diagnostic and Treatment Center
    8 Production Way, P.O. Box 190
    Avenel, New Jersey 07001-1628

**PISANO,** District Judge

    This matter is before the Court on pro se petitioner Charles C. Helmlinger's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For reasons discussed below, it appears from review of the state court record and petition papers provided by petitioner that the petition for habeas corpus relief is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).

1

I.  PROCEDURAL BACKGROUND

Pro se petitioner, Charles C. Helmlinger ("Helmlinger"), filed a petition for habeas corpus relief on or about June 28, 2007.[1] According to the allegations contained in his petition, Helmlinger was convicted on January 7, 1997, and was sentenced to an aggregate term of 40 years in prison.  (Petition, Docket Entry 1 at page 4).  This Court refers to the petitioner's brief submitted on appeal from a final order denying post-conviction relief ("PCR") of the Superior Court of New Jersey for the procedural history of this matter.[2]  Helmlinger was charged in a

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine the exact date that Helmlinger handed his petition to prison officials for mailing, Helmlinger signed a certification of his petition on June 28, 2007.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the Court finds that June 28, 2007 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on July 9, 2007.  The Court also notes that the voluminous petition papers are dated January 10, 2007, April 10, 2007 and June 1, 2007, but the certification of June 28, 2007 still determines the date of filing because that date indicates when the petition papers were completed for filing with the court.

[2] Helmlinger submitted a voluminous, prolix, single-spaced, typewritten petition over 550 pages in length.  He also submitted

Warren County Indictment on numerous counts of aggravated sexual assault, sexual assault and endangering the welfare of a minor child with respect to five young victims.  Before trial, petitioner's counsel moved to dismiss the indictment, which apparently was not successful.  Trial was held from April 22, 1996 through June 13, 1996, before the Honorable John F. Kingfield, J.S.C. and a jury.  Helmlinger was convicted on all but two counts of the indictment.  On January 3, 1997, Judge Kingfield sentenced Helmlinger to an aggregate term of forty years in prison, with consecutive terms imposed on Counts One and Nine.  Petitioner is subject to lifetime community supervision in accordance with Megan's Law.

Helmlinger promptly filed a direct appeal before the Superior Court of New Jersey, Appellate Division.  The Appellate Division affirmed the sentence and conviction in an opinion dated May 10, 1999.  The New Jersey Supreme Court denied certification on July 16, 1999.

---

part of the state court record, including the briefs submitted on his state court appeal from denial of post-conviction relief.  The Court also will refer to these documents by name and page number, where applicable.

On January 19, 2001, petitioner filed his state PCR petition. (41T 6:17).[3] The PCR petition was argued in a hearing conducted before the Honorable John H. Pursel, J.S.C. on December 16, 2002. Judge Pursel denied the PCR petition by Order entered on December 20, 2002. Helmlinger filed a Notice of Appeal from that Order on January 26, 2004. The Appellate Division affirmed denial of the PCR petition in an opinion entered on April 7, 2006. The New Jersey Supreme Court denied certification on June 13, 2006.

Helmlinger filed this habeas petition on June 28, 2007.[4] (See this Opinion at fn. 1).

---

[3] "41T" refers to the December 16, 2002 transcript of the state PCR proceeding. This transcript is attached to petitioner's documents, which were not tabbed or otherwise identified by petitioner in his papers.

[4] Helmlinger names the following respondents: the Adult Diagnostic & Treatment Center ("ADTC"); Grace Rogers, ADTC Administrator; Bernard Goodwin, present ADTC Administrator; the Attorney General of the State of New Jersey; David Samson, former N.J. Attorney General; Peter Harvey, former N.J. Attorney General; and Zulima B. Farber, former N.J. Attorney General. Under 28 U.S.C. § 2242, and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the proper respondent in a federal habeas petition is the person having custody over petitioner. In this case, the proper respondents are the custodian or current administrator at the ADTC where petitioner is presently confined, and the current Attorney General of the State of New Jersey, Anne Milgram. The prison facility itself, the ADTC, is not a proper party respondent, nor are former N.J. Attorney Generals or ADTC administrators.

Based on the allegations in the petition and the record provided by petitioner, this Court will issue an Order to Show Cause directing petitioner Helmlinger to show cause in writing why his § 2254 habeas petition should not be dismissed as time-barred.[5]

## II.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III.   STATUTE OF LIMITATIONS ANALYSIS

---

[5] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer.  Recently, the Supreme Court held that district courts are permitted to consider sua sponte the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely.  Day v. McDonough, 126 S.Ct. 1675, 1684 (2006).

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996, when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns, 134 F.3d at 111; Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the

6

pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[6] during the period between

---

[6] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and

a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. Dist. Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of

---

office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But, in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005), cert. denied, 126 S.Ct. 473 (2005).[7]  Even where extraordinary circumstances exist,

---

[7] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or

9

however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Here, Helmlinger's judgment of conviction became final after the enactment of AEDPA. Direct review of his sentence and conviction did not conclude until July 16, 1999, when the New Jersey Supreme Court denied certification. Consequently, the judgment of conviction became final on or about October 16, 1999, upon expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz, 204 F.3d at 419. Helmlinger then had one year from October 16, 1999, or until October 16, 2000, to bring his federal habeas petition under § 2254.

It appears from the documents submitted by Helmlinger that he filed a petition for PCR in state court, on or about January

---

other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

19, 2001, three months beyond the expiration of his one-year statute of limitations. Thus, the state PCR petition did not serve to toll the statute of limitations under 28 U.S.C. § 2244(d)(2), because the limitations period had expired before the state PCR petition was filed.

A PCR hearing was conducted on December 16, 2002, and the PCR court denied relief in an Order entered on December 20, 2002. Helmlinger appealed from the denial of his state PCR motion. The Appellate Division affirmed the denial of post-conviction relief on April 7, 2006. The New Jersey Supreme Court denied certification on June 13, 2006. Helmlinger filed this federal habeas petition on June 28, 2007, more than one-year after the New Jersey Supreme Court denied certification on his appeal from denial of PCR, and more than six years after the one-year statutory limitations period had expired on October 16, 2000.

Under the Supreme Court's ruling in Day v. McDonough, 547 U.S. 198 (2006), district courts are permitted to consider sua sponte the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions.

It would appear that Helmlinger disregarded or miscalculated the statutory limitations period when he failed to count the time his limitations period began to run after his conviction became

11

final and before he filed his state PCR petition.  Miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling.  Fahey, 240 F.3d at 244; see also Johnson, 314 F.3d at 161, 163. Moreover, even if Helmlinger was ignorant of the fact that the limitations period began to run on October 16, 1999, when his conviction became final under AEDPA, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.

Nevertheless, before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness.  See Day, 547 U.S. 198.

## CONCLUSION

Therefore, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order petitioner Helmlinger to show cause in writing why this petition should not be dismissed as untimely.

An appropriate order follows.

>   /s/ JOEL A. PISANO
>   JOEL A. PISANO
>   United States District Judge

DATED: January 9, 2008

13