**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES C. HELMLINGER, | : | |
| | : | Civil Action No. 07-3187 (JAP) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ADULT DIAGNOSTIC & | : | |
| TREATMENT CENTER, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    CHARLES C. HELMLINGER, Petitioner Pro Se
    SBI #803830B   DN #2781
    Adult Diagnostic & Treatment Center
    Eight Production Center, P.O. Box 190
    Avenel, New Jersey 07001-1628

**PISANO**, District Judge

    This matter is before the Court on Petitioner, Charles C. Helmlinger's ("Helmlinger") petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be dismissed as untimely under 28 U.S.C. § 2244(d).

### I.   PROCEDURAL BACKGROUND

    Helmlinger filed a petition for habeas corpus relief on or about June 28, 2007.[1] According to the allegations contained in

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison

his petition, Helmlinger was convicted on January 7, 1997, and was sentenced to an aggregate term of forty years in prison. (Petition, Docket Entry 1 at page 4). This Court refers to the petitioner's brief submitted on appeal from a final order denying post-conviction relief ("PCR") of the Superior Court of New Jersey for the procedural history of this matter.[2] Helmlinger was charged in a Warren County Indictment on numerous counts of aggravated sexual assault, sexual assault and endangering the welfare of a minor child with respect to five young victims. Before trial, Hemlinger's counsel moved to dismiss the

---

officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Helmlinger handed his petition to prison officials for mailing, Helmlinger signed a certification of his petition on June 28, 2007. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that June 28, 2007 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on July 9, 2007. The Court also notes that the voluminous petition papers are dated January 10, 2007, April 10, 2007 and June 1, 2007, but the certification of June 28, 2007 still determines the date of filing because that date indicates when the petition papers were completed for filing with the court.

[2] Helmlinger submitted a voluminous, prolix, single-spaced, typewritten petition over 550 pages in length. He also submitted part of the state court record, including the briefs submitted on his state court appeal from denial of post-conviction relief. The Court will also refer to these documents by name and page number, where applicable.

indictment, which apparently was not successful. Trial was held from April 22, 1996 through June 13, 1996, before the Honorable John F. Kingfield, J.S.C. and a jury. Helmlinger was convicted on all but two counts of the indictment. On January 3, 1997, Judge Kingfield sentenced Helmlinger to an aggregate term of 40 years in prison, with consecutive terms imposed on Counts One and Nine. Hemlinger is subject to lifetime community supervision in accordance with Megan's Law.

Helmlinger promptly filed a direct appeal before the Superior Court of New Jersey, Appellate Division. The Appellate Division affirmed the sentence and conviction in an opinion dated May 10, 1999. The New Jersey Supreme Court denied certification on July 16, 1999.

On January 19, 2001, Hemlinger filed his state PCR petition. (41T 6:17).[3] The PCR petition was argued in a hearing conducted before the Honorable John H. Pursel, J.S.C. on December 16, 2002. Judge Pursel denied the PCR petition by Order entered on December 20, 2002. Helmlinger filed a Notice of Appeal from that Order on January 26, 2004. The Appellate Division affirmed denial of the

---

[3] "41T" refers to the December 16, 2002 transcript of the state PCR proceeding. This transcript is attached to Hemlinger's documents, which were not tabbed or otherwise identified by petitioner in his papers.
 In addition, Hemlinger admits the date he filed his state PCR petition in his response to this Court's Order to Show Cause. See Petitioner's Response Docket Entry No. 8 at pg. 43.

PCR petition in an opinion entered on April 7, 2006. The New Jersey Supreme Court denied certification on June 13, 2006.

Helmlinger filed this habeas petition on June 28, 2007.[4] (See this Opinion at fn 1).

On January 10, 2008, this Court issued an Order to Show Cause ("OTSC") directing Helmlinger to show cause why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d).[5] The Order gave Helmlinger until February 8, 2008 to

---

[4] Helmlinger names the following respondents: the Adult Diagnostic & Treatment Center ("ADTC"); Grace Rogers, ADTC Administrator; Bernard Goodwin, present ADTC Administrator; the Attorney General of the State of New Jersey; David Samson, former N.J. Attorney General; Peter Harvey, former N.J. Attorney General; and Zulima B. Farber, former N.J. Attorney General. Under 28 U.S.C. § 2242, and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the proper respondent in a federal habeas petition is the person having custody over petitioner. In this case, the proper respondents are the custodian or current administrator at the ADTC where petitioner is presently confined, and the current Attorney General of the State of New Jersey, Anne Milgram. The prison facility itself, the ADTC, is not a proper party respondent, nor are former N.J. Attorney Generals or ADTC administrators.

[5] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer. Recently, the Supreme Court held that district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely. Day v. McDonough, 126 S.Ct. 1675, 1684 (2006).

4

file a response.  Helmlinger filed three voluminous responses on February 8, 2008, February 11, 2008 and February 15, 2008.

The bulk of Helmlinger's papers submitted in response to the OTSC discuss, albeit in a disjointed and prolix manner, the merits of his claims for habeas relief, rather than the reasons for his untimely filing of his federal habeas petition.  For instance, he argues that there was a lack of jurisdiction for the state court to convict him because his indictment allegedly was defective.  Helmlinger also argues claims of malicious prosecution, ineffective assistance of counsel, a biased trial judge, evidential issues concerning the testimony of witnesses, and actual innocence of the offenses for which he was convicted.

At one point, Helmlinger baldly argues that there is no time bar in the whole adjudication process because he has properly pursued his rights in the New Jersey courts, and because the adjudication process "was based on total indifference to the constitutional law."  (Pet. Resp. at Docket Entry No. 8 at pg. 12).  He also contends there is no time bar to raise an actual innocence claim under 28 U.S.C. § 2241.  (Id. at pg. 15).  Helmlinger further complains that it is impossible for him to learn the law in the one-year limitations period and that justice and fundamental fairness should mandate relaxation of the limitations period or equitable tolling.  He points out that although his state PCR petition was filed beyond the one-year

5

limitations period under 28 U.S.C. § 2244, it was nevertheless filed within the five-year time period prescribed under state law.  (Id. at pp. 31-32).

Finally, Helmlinger argues that equitable tolling should apply in this instance because he was denied access to the courts, resulting in an untimely federal habeas petition. Specifically, Helmlinger notes that from a period of time from May 2006 through May 2007, the inmate paralegals at the prison law library were precluded from helping Helmlinger from converting his word processing files to a Microsoft format for filing and storage.

## II.  STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Because Hemlinger is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

6

## III. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[6] during the period between

---

[6] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form

a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of state prisoner's petition for writ of certiorari in the United States Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1083 (2007); Stokes v. Dist. Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).

"Equitable tolling is available only when the principle of equity would make the rigid application of a limitation period unfair." Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert.

---

of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But, in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted) (emphasis added).

9

denied, 540 U.S. 921 (2003).  There are two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims."  Id.  (citation and internal quotations and brackets omitted).  See also LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Supreme Court observed that a litigant seeking equitable tolling bears the burden of establishing diligence and that "some extraordinary circumstance stood in his way."  Id. at 418.  Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005), cert. denied, 546 U.S. 957 (2005).[7]  Even where extraordinary circumstances exist,

---

[7] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary

10

however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

In this case, Helmlinger's judgment of conviction became final after the enactment of AEDPA. Direct review of his sentence and conviction did not conclude until July 16, 1999, when the New Jersey Supreme Court denied certification. Thus, for purposes of determining the start of the one-year limitations period here, Helmlinger's judgment of conviction became final on or about October 16, 1999, upon expiration of the 90-day period for filing a petition for certiorari in the United States Supreme Court. See Swartz, 204 F.3d at 419. Helmlinger then had one year from October 16, 1999, or until October 16, 2000, to file this federal habeas petition under § 2254.

However, Helmlinger did not file this petition until June 28, 2007, almost seven years after the limitations period had expired.

---

to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

11

This Court also finds that there was no statutory tolling applicable in this case, pursuant to 28 U.S.C. § 2244(d)(2).  In order to invoke statutory tolling, Helmlinger would have to have properly filed a state PCR petition before October 16, 2000.  Helmlinger actually filed his state PCR petition on January 19, 2001, more than three months after the one-year limitations period had expired.  Therefore, because this state PCR petition was filed well after the limitations period had expired in this case, it can not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2).

Pursuant to Day v. McDonough, 547 U.S. 198 (2006), this Court gave Helmlinger the opportunity to respond to its sua sponte review of the petition for timeliness.  As noted above, Helmlinger responded in several voluminous pleadings, but failed to argue any legitimate basis for equitable tolling.  None of his arguments as to the merits of his petition speak on the issue of timeliness, nor do they provide any foundation for equitable tolling.

Helmlinger does attempt to justify his untimeliness on several grounds, but these grounds fail to acknowledge the gate-keeping requirements instituted by AEDPA when it established a statute of limitations under 28 U.S.C. § 2244(d).  For instance, Helmlinger claims that no time bar would apply because he properly pursued his rights in state court.  In other words, it

would appear that Helmlinger is arguing that he should not be held to a strict application of § 2244(d), simply because he filed his state PCR petition in good faith within the five-year time period allowed under state law.[8]  Moreover, he contends that as a pro se prisoner, his ignorance of the law should be excused. Helmlinger argues that it would be impossible for him to learn the law in one year; therefore, justice and fundamental fairness should permit relaxation of the limitations period.

These arguments essentially ask the Court to forgive Helmlinger's ignorance of the law and his miscalculation of the statute of limitations.  Federal courts, however, have consistently held that miscalculation of the time remaining on a limitations period does not constitute extraordinary circumstances to permit equitable tolling.  See Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d

---

[8]  This argument presumes that as long as a petitioner attempts to exhaust state-court remedies prior to initiating suit in federal court, then any state PCR application can serve to toll the limitations period, even if filed outside the one-year federal statute of limitations.  However, a similar argument was declined by the Supreme Court in Pace.  There, the Supreme Court observed that "a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions.  This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay."  544 U.S. at 413. While Helmlinger's state PCR petition was not untimely under state law, it was untimely under the federal statute of limitations for habeas actions.  Consequently, Helmlinger's state PCR petition did not serve to toll the limitations period under § 2244(d)(2).

13

Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 1022 (2003).  Furthermore, even if Helmlinger was ignorant of the fact that his limitations period began to run on October 16, 1999, this ignorance of the law, even for an incarcerated <u>pro se</u> petitioner, generally does not excuse prompt filing.  <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a <u>pro se</u> prisoner misreads or misunderstands the law.  <u>Delaney v. Matesanz</u>, 264 F.3d 7, 15 (1st Cir. 2001); <u>see also</u> <u>Jones</u>, 195 F.3d at 159-60.

    Finally, Helmlinger proposes that equitable tolling would apply here because the State prevented him from filing his federal habeas petition because of prison library and paralegal service restrictions in converting his files to a readable format for filing in federal court.  <u>See</u> <u>Brinson</u>, 398 F.3d at 230 (equitable tolling permitted where the petitioner has been prevented from asserting his rights in some extraordinary way).  The defect in this argument, however, is that these alleged restrictions occurred from May 2006 through May 2007, long after the one-year limitations period expired on October 16, 2000.

    Consequently, this Court finds no basis for equitable tolling.  Helmlinger has not demonstrated any extraordinary circumstances, only neglect, miscalculation, and ignorance of the

law.  Therefore, this Court will dismiss Helmlinger's § 2254 habeas petition as time-barred under 28 U.S.C. § 2244(d).

## IV.  CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See 3d Cir. R. 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

/s/ JOEL A. PISANO
JOEL A. PISANO
United States District Judge

Dated: August 25, 2008